ATTORNEY GENERAL LOVING HAS RECEIVED YOUR LETTER REQUESTING AN ATTORNEY GENERAL OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
 ARE MEMBERS OF A HOUSING CO-OP WHICH GRANTS THE RIGHT TO OCCUPY AN INDIVIDUAL UNIT ELIGIBLE FOR HOMESTEAD EXEMPTION?
BECAUSE YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO CONTROLLING STATUTES, THE ISSUANCE OF A FORMAL OPINION OF THE ATTORNEY GENERAL IS UNNECESSARY. THE DISCUSSION WHICH FOLLOWS IS, THEREFORE, NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; IT REPRESENTS, RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
ATTACHED TO YOUR LETTER WAS AN INFORMATION PACKET PREPARED BY THE AMERICAN HOUSING FOUNDATION. IT IS MY UNDERSTANDING FROM A REVIEW OF THIS INFORMATION THAT THE ACTUAL LEGAL OWNER OF THE PROPERTY IN QUESTION WILL BE THE HOUSING COOPERATIVE. A MEMBER OF THE COOPERATIVE, AS A BENEFIT OF MEMBERSHIP, IS PERMITTED TO OCCUPY A HOUSING UNIT. INDIVIDUAL UNITS ARE NOT MORTGAGED BUT THE ENTIRE PROPERTY IS COVERED BY A "BLANKET" MORTGAGE. THE CO-OP IS RESPONSIBLE FOR THE MORTGAGE AND PROPERTY TAX PAYMENTS.
OKLAHOMA LAW DEFINES HOMESTEAD AS FOLLOWS:
 "THE TERM HOMESTEAD, AS USED IN THE PROVISIONS OF THE AD VALOREM TAX CODE GOVERNING HOMESTEAD EXEMPTIONS, SHALL MEAN AND INCLUDE THE ACTUAL RESIDENCE OF A NATURAL PERSON WHO IS A CITIZEN OF THE STATE OF OKLAHOMA, PROVIDING THE RECORD ACTUAL OWNERSHIP OF SUCH RESIDENCE BE VESTED IN SUCH NATURAL PERSON RESIDING AND DOMICILED THEREON(.)" 68 O.S. 2888 (1991).
SECTION 68 O.S. 2888 ALSO PROVIDES THAT "THE DEED OR OTHER EVIDENCE OF OWNERSHIP MUST BE OF RECORD IN THE OFFICE OF THE COUNTY CLERK ON JANUARY 1 IN ORDER FOR ANY PERSON TO BE QUALIFIED AS THE RECORD OWNER." IT IS CLEAR THAT "RECORD ACTUAL OWNERSHIP" IS REQUIRED TO RECEIVE A HOMESTEAD EXEMPTION. IN MY OPINION, THE TERM CLEARLY MEANS TITLE OR RECORD TITLE. SEE ATTORNEY GENERAL OPINION NO. 71-271.
ATTORNEY GENERAL OPINION NO. 87-102 REVIEWED THE TERM "TITLE" IN THE CONTEXT OF A PURCHASE UNDER A CONTRACT FOR DEED. THE OPINION CONCLUDES THAT A PURCHASER UNDER A CONTRACT FOR DEED IS ENTITLED TO THE HOMESTEAD EXEMPTION. THIS OPINION RELIED HEAVILY ON THE FACT THAT 16 O.S. 11A (1981) REQUIRES THAT CONTRACTS FOR DEED BE TREATED AS MORTGAGES. THE GIST OF THE OPINION IS THAT THE STATUTE WAS INTENDED TO EQUATE SUCH A CONTRACT WITH A PURCHASE MONEY MORTGAGE AND THAT CONTRACTS FOR DEED CREATE AN OWNERSHIP INTEREST. THE OPINION FINDS THAT THE INTEREST CREATED IS SUFFICIENT TO ENTITLE THE PURCHASER TO HOMESTEAD EXEMPTION.
A REVIEW OF THE UNIT OWNERSHIP ESTATE ACT IS ALSO INSTRUCTIVE. THIS ACT IS FOUND AT 60 O.S. 501 ET SEQ. THE ACT PROVIDES FOR INDIVIDUAL OWNERSHIP OF THE UNITS OF A BUILDING. 60 O.S. 504 (1991) PROVIDES IN PERTINENT PART:
 "A UNIT OWNERSHIP ESTATE AS CREATED AND DEFINED IN THIS ACT SHALL VEST IN THE HOLDER, EXCLUSIVE OWNERSHIP AND POSSESSION; SHALL CONSTITUTE AN ESTATE IN REAL PROPERTY WHICH MAY BE CONVEYED, ENCUMBERED, INHERITED, DEVISED, OR OTHERWISE DEALT WITH CONSISTENT WITH THE LAWS OF THIS STATE; AND SHALL, FOR ALL PURPOSES, BE DEEMED IN LAW TO BE AN ESTATE ENTIRELY INDEPENDENT OF THE OTHER UNIT OWNERSHIP ESTATES IN THE BUILDING OF WHICH IT FORMS A PART. THE INDIVIDUAL TITLE AND INTEREST OF SUCH ESTATE SHALL BE RECORDED IN THE MANNER PROVIDED BY LAW FOR RECORDING INSTRUMENTS AFFECTING TITLE TO REAL PROPERTY(.)"
(EMPHASIS ADDED.)
OWNERS OF A UNIT ARE ENTITLED TO THE HOMESTEAD EXEMPTION. 60 O.S. 522 (1991). SECTION 522 PROVIDES IN PERTINENT PART:
 "(T)HE BENEFIT OF HOMESTEAD EXEMPTIONS SHALL EXTEND TO THE HOLDER OF A UNIT OWNERSHIP ESTATE IN ALL THOSE CASES WHERE THE OWNER OF A SINGLE FAMILY DWELLING WOULD QUALIFY THEREFOR. THE TITLE HOLDER IN A UNIT OWNERSHIP ESTATE SHALL BE ENTITLED, IF OTHERWISE QUALIFIED, TO A HOMESTEAD EXEMPTION FROM AD VALOREM TAX, IF THE LAND UPON WHICH THE BUILDING IS LOCATED IS HELD IN FEE SIMPLE."
THE ABOVE QUOTED PROVISIONS CLEARLY INDICATE THAT THE HOMESTEAD EXEMPTION IS AVAILABLE TO A "TITLE HOLDER" AND THAT THE EVIDENCE OF TITLE SHALL BE FILED OF RECORD. THE DISTINCTION BETWEEN THE OWNERSHIP INTEREST CREATED UNDER THE UNIT OWNERSHIP ESTATE ACT AND THE SITUATION PROVIDED BY THE AMERICAN HOUSING FOUNDATION IS READILY APPARENT. THERE IS NO STATUTE WHICH CREATES AN ENFORCEABLE OWNERSHIP INTEREST IN THE CO-OP UNIT RESIDENT. AS STATED ABOVE, LEGAL TITLE REMAINS VESTED IN THE CO-OP. THE MEMBER HAS ONLY THE RIGHT TO OCCUPY THE UNIT. THERE IS ALSO NO DOCUMENT FILED OF RECORD TO INDICATE AN OWNERSHIP INTEREST VESTED IN THE MEMBER. THEREFORE, BASED ON THE INFORMATION YOU PROVIDED, THE HOMESTEAD EXEMPTION WOULD NOT BE AVAILABLE TO UNIT RESIDENTS AS THEY ARE NEVER THE "RECORD ACTUAL OWNER." THIS LACK OF A RECOGNIZABLE OWNERSHIP INTEREST DISTINGUISHES THE CO-OP ARRANGEMENT FROM A PURCHASE UNDER A CONTRACT FOR DEED OR OWNERSHIP UNDER THE UNIT OWNERSHIP ESTATE ACT.
IN CONCLUSION, BASED ON THE INFORMATION YOU HAVE PROVIDED, MEMBERS OF A HOUSING CO-OP WHO DO NOT POSSESS "RECORD ACTUAL OWNERSHIP" OF AN INDIVIDUAL UNIT WOULD BE INELIGIBLE FOR THE HOMESTEAD EXEMPTION.
(DOUGLAS F. PRICE)